### Christopher R. FITZPATRICK, Movant,

v.

### KENTUCKY BAR ASSOCIATION, Respondent.

No. 2006–SC–0284–KB.

Supreme Court of Kentucky.

Sept. 21, 2006.

### *ORDER RESTORING MOVANT TO MEMBERSHIP*

LAMBERT, Chief Justice.

Movant, Christopher R. Fitzpatrick, KBA Member No. 82179, has applied for restoration to membership under SCR 3.500(1).

By order of this Court entered February 4, 2003, Fitzpatrick was suspended from the practice of law in Kentucky under SCR 3.669 for failure to comply with the CLE requirements. He submitted his application for restoration to membership on April 10, 2006.

SCR 3.500(1) provides, in part, that "any member who has been suspended for failure to comply with the continuing legal education requirements as provided by Rule 3.661, and such status had prevailed for less than a period of five (5) years, may apply for restoration by completing forms provided by the Director, tendering a fee of $250.00, and payment of dues for the current year and all back years ..."

Fitzpatrick submitted his completed application for restoration form, including affidavits sworn by three Bar members in good standing, less than five years after his original suspension date. He also tendered a check for $1,011.00, which reflects payment of the $250.00 fee, dues for the current year, and dues for all back years. Fitzpatrick is also CLE compliant through June 30, 2006. However, because the restoration process was not complete by June 30, 2006, Fitzpatrick is required to complete the CLE requirement for 2006–2007 and be recertified before being restored to membership.

In his application, Fitzpatrick revealed that he obtained his license to practice law

---

in Kentucky on October 30, 1987. In the last nineteen years, he has had eight different addresses, primarily in Indiana, but also in Florida in 1991 and in North Carolina from July 2004 through January 2006. While in North Carolina, Fitzpatrick served as the Executive Director for the Little Tennessee Watershed Association.

Fitzpatrick has not worked in any law office in any capacity since his suspension in 2003. With regard to notification of clients under SCR 3.390, Fitzpatrick was not actively representing any clients at the time of his suspension. Although not actively representing any clients, Fitzpatrick admits he was in contact with one client, 500 Associates, Inc., and its new counsel to brief the new counsel on matters with which Fitzpatrick had been intimately involved since 1996. In preparing his application for restoration, Fitzpatrick noted that he is still listed as one of several attorneys for 500 Associates in a pending case in the United States District Court for the Western District of Kentucky. He was not aware of this until April 5, 2006, and does not believe that he can file any documents to remove his name from the file while he is still suspended. Upon his restoration to membership, he states that he will take the necessary steps with that court to remove his name as counsel.

Fitzpatrick was also admitted to the Bar in Indiana and Florida, but he is not in good standing in either state as a result of his failure to comply with CLE requirements and/or his failure to pay dues. He intends to resolve those matters and regain good standing in each jurisdiction as his financial situation allows.

Before Fitzpatrick's admission to the practice of law in Kentucky, the state of Indiana suspended his driver's license for three months when he was approximately 19 years old, after a traffic accident led to the discovery that he had altered his driver's license to make it appear that he was over 21. Fitzpatrick has received two speeding tickets, one in 2001 and one in 2002. He resolved both violations.

In January of 2002, although technically permitted to resign, the law firm that had employed Fitzpatrick since 1995 essentially discharged him for unsatisfactory work. According to him, his discharge was not related to the quality of his legal work. Instead, it was related to his persistent problems with time management and organization, which he attributes to his 2001 diagnosis of attention deficit disorder (ADD). He is currently taking medication for the condition and working with a psychiatrist to learn coping strategies.

In the months following his job loss, Fitzpatrick separated and ultimately divorced from his wife of 23 years. He experienced depression and sought psychiatric treatment for his depression along with the ADD. He states that he is now able to deal squarely with difficult issues and resolve them.

The Board of Governors considered the record and concluded as of June 8, 2006, that Fitzpatrick had completed all steps necessary and has satisfied all the requirements to be considered for restoration. As such, the Board of Governors, by a vote of 14 to 0, recommended approval of Fitzpatrick's application for restoration.

Based on the facts and recommendation of the Board of Governors, it is ORDERED that Christopher R. Fitzpatrick is restored to membership in the Kentucky Bar Association and to the practice of law in the state of Kentucky, subject to the following:

(1) his completion of the CLE requirement for 2006–2007 and CLE recertification under SCR 3.675(6); and

(2) his payment of "[a]ll costs [associated with this proceeding] incurred in excess of the filing fee," SCR 3.500(5), said sum having been certified by the KBA as $192.75.