Mary Jo DELANEY, Movant

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2007–SC–000740–KB.

Supreme Court of Kentucky.

Feb. 21, 2008.

## OPINION AND ORDER

Movant, Mary Jo Delaney (a.k.a. Mary Jo Arflack), KBA Member No. 01625, has applied for restoration to membership pursuant to SCR 3.500(1). Delaney's bar roster address is 5121 Oaklawn Park Drive, Louisville, KY 40299. By order of this Court entered November 12, 2002, she withdrew from the Kentucky Bar Association (KBA) under SCR 3.480(1). At the time of her withdrawal, she had no disciplinary investigations, complaints, or charges pending against her. Delaney originally submitted her application for restoration on October 16, 2007, less than five years after the date of withdrawal. An application filed more than five years after the date of withdrawal requires the applicant to have taken a written examination administered by the Board of Bar Examiners in accordance with SCR 3.500(3).

### KBA FILE NO. 15791R

SCR 3.500(1) provides, in pertinent part: "Any former member who has retired under Rule 3.480, ... and such status has prevailed for less than a period of five (5) years, may apply for restoration by completing forms provided by the Director, to include a certification from the KBA that there is no pending disciplinary matter, tendering a fee of $250.00, and payment of dues for the current year and all back years ..."

Delaney's application for restoration came before the Board of Governors on November 16, 2007. With her application, the KBA received a check for $1772.00 for dues and fees. There were no disciplinary matters pending against her, and she had not been the subject of any claims against the Clients' Security Fund. Additionally, her application included notarized affidavits from two KBA members in good standing. However, the application was incomplete in that it 1) did not provide the KBA with a copy of the Supreme Court order allowing her to withdraw; 2) did not include a notarized affidavit from a third KBA member in good standing (Delaney did not have the signature of a federal judge notarized in a statement in support of her reinstatement); and 3) did not provide certification from the Continuing Legal Education Commission pursuant to SCR 3.675(2).

Despite these deficiencies, the Board of Governors recommended, by a 15–2 vote, that the application for restoration be conditionally approved, as the Supreme Court order allowing her withdrawal was readily available, and although the KBA had not yet received the certification, Delaney *had* completed the necessary CLE hours as of October 12, 2007, and *had* properly requested the certification. The Board therefore concluded that these were only minor deficiencies and that Delaney should be given a short period of time to correct them. The KBA received the CLE certification on November 19, 2007, and the notarized affidavit of the federal judge on November 21, 2007.

Given Delaney's efforts to remedy the deficiencies, we adopt the recommendation of the Board of Governors and conclude that the application was timely filed.

## CONCLUSION

After careful consideration of the facts and upon the recommendation of the Board of Governors, this Court orders that Mary Jo Delaney (a.k.a. Mary Jo Arflack), KBA Member No. 01625, is restored to membership in the KBA and to the practice of law in this Commonwealth, subject to her payment of the costs of this proceeding in the amount of $190.14, as required by SCR 3.500(5).

All sitting. LAMBERT, C.J.; ABRAMSON, CUNNINGHAM, MINTON, NOBLE and SCOTT, JJ., concur.

SCHRODER, J., dissents by separate opinion.

ENTERED: February 21, 2008.

/s/ Joseph E. Lambert
Chief Justice

Dissenting opinion by Justice SCHRODER.

I dissent from the majority opinion because I believe our rules and our case law require a *completed* application be submitted within five years of the order permitting withdrawal in order to qualify for restoration under SCR 3.500(1).

SCR 3.500(1) provides, in part, that "[a]ny former member who has retired under Rule 3.480 ... and such status has prevailed for less than a period of five (5) years, may apply for restoration by completing forms provided by the Director, to include a certification from the KBA that there is no pending disciplinary matter, tendering a fee of $250.00, and payment of dues for the current year and all back years...." The record indicates that Delaney first tendered an application for restoration, accompanied by a check for $1772.00, representing the $250.00 fee and dues, on September 20, 2007. The application was returned to Delaney on or about October 2, 2007, as incomplete. Among the deficiencies, Delaney lacked the required CLE credits necessary for restoration pursuant to SCR 3.675. Delaney completed the necessary CLE hours on October 12, 2007. On October 16, 2007, Delaney retendered her application for restoration and retendered the check. However, the application was once again incomplete. The application failed to include a notarized affidavit from a third member of the Bar in good standing (only two of the three submitted were notarized), and failed to include a copy of the November 12, 2002, order permitting her withdrawal. Further, the application did not include, per SCR 3.675(2), the certification from the Director for Continuing Legal Education that the required CLE credits for restoration had been completed.

These deficiencies remained as of November 12, 2007, Delaney's deadline for filing a completed application for restoration under SCR 3.500(1). Nevertheless,

on November 16, 2007, the Board of Governors considered the application. The Board voted 15–2 to conditionally approve Delaney's application for restoration under SCR 3.500(1) provided the aforementioned deficiencies, which it characterized as "de minimus", were corrected by November 30, "3007" (sic). The Board concluded that the application (albeit incomplete) was timely under SCR 3.500(1), because it had been filed on October 16, 2007, within five years of the November 12, 2002, withdrawal order. The certification from the Director for CLE was submitted on November 19, 2007. Delaney submitted the notarized affidavit from the third member of the bar and a copy of the November 12, 2002, order permitting her withdrawal on or about November 21, 2007.

I disagree that an incomplete application is "timely" for purposes of SCR 3.500(1). To the contrary, this Court has recognized that SCR 3.500(1) requires that a *completed* application, including three sworn affidavits from Bar members in good standing, be filed less than five years after the original withdrawal date. *Myers v. Kentucky Bar Ass'n*, 200 S.W.3d 489 (Ky.2006);[1] *Hall v. Kentucky Bar Ass'n*, 237 S.W.3d 545 (Ky.2007);[2] *Fitzpatrick v. Kentucky Bar Ass'n*, 201 S.W.3d 492 (Ky.2006).[3] An application lacking a copy of the withdrawal order would similarly be incomplete. Delaney failed to submit the documents required to complete her application until after the November 12, 2007, deadline had passed. Further, as of November 12, 2007, and at the time the Board of Governors considered the application on November 16, 2007, the CLE certification had not been obtained. SCR 3.675(2) prohibits an application for restoration from being processed which does not include the required CLE certification.[4] Accordingly, the Board of Governors was without authority to consider Delaney's application when it did so on November 16, 2007.

The deficiencies in Delaney's application were not remedied until on or about November 21, 2007, over five years since the November 12, 2002, order permitting her withdrawal. The timing is important because under SCR 3.500(2), applications for restoration completed five or more years *after* withdrawal require a $500 fee (in-

1. "Myers submitted his completed application for restoration form, including affidavits sworn by three KBA members in good standing, less than five years after his original withdrawal date." *Myers*, 200 S.W.3d at 489.

2. "Hall submitted her completed application for restoration form, including affidavits sworn by three Bar members in good standing, less than five years after her original suspension date." *Hall*, 237 S.W.3d at 545–46.

3. "Fitzpatrick submitted his completed application for restoration form, including affidavits sworn by three Bar members in good standing, less than five years after his original suspension date." *Fitzpatrick*, 201 S.W.3d at 492.

4. SCR 3.675(2) provides:
   The application or affidavit of compliance submitted for restoration or reinstatement shall include certification from the Director for CLE of completion of continuing legal education activities as required by these Rules, or otherwise specified by the Commission or Court. Applicants or affiants shall request said certification from the Director for Continuing Legal Education in writing and shall submit with said written request a fee of $50.00 to cover the expense of the record search and certification. Applications or affidavits of compliance submitted for restoration or reinstatement which do not include the required certification of continuing legal education credits, including verification of fee payment for the certification, shall be considered incomplete and shall not be processed.
   While not addressed by the Board of Governors, the record does not reflect verification of the $50.00 fee payment for the certification as required by SCR 3.675(2).

766

stead of $250) and require the applicant to pass a limited bar exam. SCR 3.500(3).

Although the deficiencies in Delaney's restoration application may seem "de minimus" to the Board of Governors, the restoration rules are set by the Supreme Court, not by the Board of Governors. The Supreme Court Rules do not provide for the Board of Governors to create exceptions. I believe the Rules speak for themselves, and must be applied uniformly. Because Delaney had not completed her application for restoration as of November 12, 2007, five years after the order of withdrawal, she is not eligible for restoration under SCR 3.500(1)(under five years). Accordingly, I would deny Delaney's application for restoration under SCR 3.500(1).